**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AURELIO DUARTE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-169 |
| | § | |
| THE CITY OF LEWISVILLE, TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 22, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that defendant's Motion for Summary Judgment [Doc. #50] be granted and defendant's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence [Doc. #40] be denied as moot.

On June 4, 2013, plaintiff filed his Written Objections to Magistrate's Findings, Conclusions, Report and Recommendation on Defendant's Motion for Summary Judgment [Doc. #51]. On June 19, 2013, defendant filed its Response [Doc. #52].

First, plaintiff objects to the findings of the Magistrate Judge, stating that legal standing does not require a non-moving party to submit evidence that he has violated or has been convicted of violating the ordinance [Doc. #51 at 4]. Plaintiff contends that the Magistrate Judge's legal conclusion that plaintiff lacks standing to recover "compensatory damages" because he has failed to submit evidence creating a genuine issue of fact about whether he has "violated the ordinance" or has been "fined for a violation of the ordinance," "is as erroneous

1

now as it was when it was when last rejected by the District Court." *Id*. at 5. Plaintiff contends that the undisputed facts create, at minimum, a fact issue for trial on the issue of whether "Plaintiff Aurelio Duarte exhaustively sought to purchase residential premises in the Defendant City of Lewisville but was legally foreclosed from doing so due to Defendant City of Lewisville's enactment of its SORRO" [Doc. #51 at 7]. Plaintiff again argues that his wife contacted the City at least nine times in order to ensure that certain residences would not violate defendant's sex offender residency statute. Of the three residences that were available, two were purchased before plaintiff could purchase them, and one was not purchased by plaintiff because he was still incarcerated at that time.

Plaintiff's argument mischaracterizes the findings and conclusions of the Magistrate Judge. In considering whether plaintiff has standing to assert his claims, the Magistrate Judge considered the fact that Article III standing requires a plaintiff, at a minimum, to show: (1) an injury in fact, (2) that is fairly traceable to the actions of the defendant, and (3) that likely will be redressed by a favorable decision. *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). An injury in fact is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff has not demonstrated any evidence of a concrete and particularized injury that is either actual or imminent. In considering plaintiff's standing, the Magistrate Judge considered all ways in which plaintiff could possibly assert standing, including whether the statute applied to him at his current residence, whether he had been found in violation of the statute, and whether he had been fined for a violation of the statute. In no way did the Magistrate Judge require plaintiff to prove any of these facts, he simply considered them as a possible avenue for plaintiff to establish an injury in fact. In addition, the court did not previously reject the City's argument that a plaintiff must be prosecuted and convicted for a violation of an ordinance to establish standing. In its prior order, the court indicated that an

injury may also be imminent, and plaintiff's pleadings were sufficient at the 12(b)(6) stage to survive dismissal. However, this case is now in the summary judgment stage of the proceedings, which requires plaintiff to show evidence to demonstrate his standing.

The Magistrate Judge also fully considered plaintiff's evidence in support of his contention that he was legally foreclosed by the defendant's SORRO from purchasing a residence within the City of Lewisville. The evidence shows, as found by the Magistrate Judge, that plaintiff's wife inquired about fifteen (15) residences, and was told that plaintiff could live in three (3) of them [Doc. #50 at 8]. Two were purchased before plaintiff could do so, which is a fact that cannot be attributed to the application of the ordinance. *Id*. at 9. Further, the evidence shows that at the time the defendant's motion for summary judgment was filed, there were 466 houses on the market and available to registered sex offenders within the City of Lewisville. Plaintiff completely ignores these facts. In addition, plaintiff admittedly stopped looking for a residence within the City of Lewisville for at least the preceding two years. There are simply no facts that indicate plaintiff has standing to challenge the City's ordinance.

Plaintiff contends that he has pled both a claim for compensatory damages, as well as nominal damages. However, the Magistrate Judge concluded that plaintiff lacked standing to bring claims for both compensatory and nominal damages. Therefore, it is irrelevant what evidence plaintiff has to support his claims for damages, since plaintiff cannot show that he has standing to pursue any claims under 42 U.S.C. § 1983.

Next, plaintiff argues that he is not required to show that there are no residential premises available to him. Instead, plaintiff contends that other courts have found that an ordinance that would in effect make it impossible for a registered sex offender to live in the community would constitute banishment, and that a finding that approximately 97 percent of the existing rental property that was otherwise available was unavailable to a registered sex offender would render an ordinance unconstitutional [Doc. #51 at 11 (citing *Doe v. Baker*, No. 1:05-CV-2265, 2006

WL 905368 (N.D. Ga. April 5, 2006); *In re Taylor*, 209 Cal. App. 4th 210 (2012))]. However, again, plaintiff ignores the fact that he has no evidence that he was legally foreclosed from living in the City of Lewisville by the enactment of the ordinance. Plaintiff failed to provide evidence that it is impossible for him to live in the City of Lewisville – in fact, it is impossible to know whether he could obtain property within the City of Lewisville since plaintiff completely ceased his efforts to obtain a residence approximately two years ago. Further, plaintiff has not shown that 97 percent of the existing available property would be unavailable to him. In fact, plaintiff ignores defendant's evidence that there were 466 properties available to registered sex offenders within the City of Lewisville at the time of the filing of the summary judgment motion.

Further, the cases cited by plaintiff do not help his argument. In *Doe v. Baker*, the court found:

> It is undisputed that the plaintiff has found a residence in the county where he can live without violating the Residence Act. Therefore, he has no standing to claim that the effect of the act is to banish him from residence in the community. A more restrictive act that would in effect make it impossible for a registered sex offender to live in the community would in all likelihood constitute banishment…

2006 WL 905368, at *4. Like the plaintiff in *Doe v. Baker*, the plaintiff here currently lives in Lewisville without violating the ordinance, and thus, has no standing. Plaintiff's second case, *In re Taylor*, does not address the issue of standing, which is the basis of the Magistrate Judge's decision here. In *Taylor*, the court found that the residency restriction was "unconstitutionally unreasonable" when enforced as a state court parole condition because in impermissible infringed the plaintiff's right to travel. The right to travel is not implicated in this case, and *Taylor* has no bearing on the present issue before the court.

Finally, plaintiff contends that his claims for relief are not now moot because defendant failed to show that it is clear that the allegedly wrongful behavior is not reasonably expected to recur, and defendant did not show that it has completely and irrevocably eradicated the effects of the alleged violation [Doc. #51 at 13]. However, plaintiff's argument completely misses the fact

4

that the Magistrate Judge found that there was no wrongful behavior on the part of the City of Lewisville. The Magistrate Judge found that even if plaintiff had standing at the outset of the litigation, which he did not, the plaintiff's claims are now moot because he no longer suffers and injury in fact [Doc. #50 at 10]. The Magistrate Judge found that for this additional reason, plaintiff's claims should be dismissed.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #50] is hereby adopted, and defendant's Motion for Summary Judgment [Doc. #26] is **GRANTED**, defendant's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence [Doc. #40] are **DENIED** as moot, and plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **2** day of **July, 2013.**

_____
Ron Clark, United States District Judge